# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID SHEARON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-01061 |
| | ) CHIEF JUDGE CRENSHAW |
| COLEMAN WOMACK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a false arrest and malicious prosecution case under 28 U.S.C. § 1983 that arose after Officer Coleman Womack arrested David Shearon for Driving Under the Influence. (Doc. No. 37.) Subsequent to his arrest, Shearon took multiple tests for drugs and alcohol, all which were negative. Potentially the strongest evidence for Shearon are the results of the drug tests. See Green v. Throckmorton, 681 F.3d 853, 863 (6th Cir. 2012) ("What matters here . . . [is] that a subsequent test for drugs and alcohol shows that the driver was in fact sober."). Despite admitting to the test results in the Answers to the Complaint (Doc. No. 9), First Amended Complaint (Doc. No. 20), and Second Amended Complaint (Doc. No. 37), and failing to object to the test results at summary judgment (Doc. No. 72), Womack now objects, on the eve of trial, to using the factual allegations to which he admitted in his Answer to the Second Amended Complaint at trial because the Pretrial Order (Doc. No. 127) supplants the pleadings. (Doc. No. 131.) The Court holds that Shearon may use any factual allegation admitted, so long as Womack admitted the allegation verbatim, and therefore **SUSTAINS IN PART and OVERRULES IN PART** Womack's objections.

The Pretrial Order states that all "pleadings are hereby amended to conform to this Pretrial Order, and this Order supplants the pleadings for David Shearon's claims against Officer

Womack." (Doc. No. 127 at 1.) Indeed, the parties' theories and statement of the issues are amended and only those in the Pretrial Order will be tried. United States v. Hougham, 364 U.S. 310, 314 (1960). Adding additional claims to a Pretrial Order constitutes amending the pleadings, Hance v. BNSF Ry. Co., 645 F. App'x 356 (6th Cir. 2016), while leaving issues out of the Pretrial Order waives those issues for trial and beyond, McGehee v. Certainteed Corp., 101 F.3d 1078, 1080 (5th Cir. 1996). Here, the Pretrial Order stated the same issues in the Complaint and therefore the pleadings were not amended.

The Pretrial Order does not supplant the factual averments in the pleadings, but instead only supplants the pleadings regarding the claims and defenses to be presented at trial. While the authority Womack cites holds that the pretrial order supplants the pleadings with regard to the claims and defenses to be tried, he does not cite any authority that the facts in the pleadings supporting the claims are somehow supplanted by the parties' theories. The Pretrial Order "controls the course of the action," but is not meant to include every single fact that will be presented at trial. FED. R. CIV. P. 16(d); see A. Wright & C. Miller, 6A Federal Practice and Procedure § 1526 (3d ed. 2017) (stating that the pretrial order "further[s] the purposes of the [pretrial] conference" and "controls the subsequent course of the action"); see also Serv. Source, Inc. v. Office Depot, Inc., 259 F. App'x 768, 771 (6th Cir. 2008) (allowing the defendant to assert four new affirmative defenses in the Pretrial Order that were not in the pleadings because the plaintiff waived the issue by signing the Pretrial Order); Howard v. Kerr Glass Mfg. Co., 499 F.2d 330, 333 (6th Cir. 1983) (reversing the district court, which did not allow the defendant to assert a new affirmative defense in the pretrial order); Brown v. Russell Stover Candies, Inc., No. 00-0116, 2005 WL 3358872, at *2 (M.D. Tenn. Dec. 9, 2005) (Knowles, M.J.) (holding that the plaintiff

waived two claims in the pretrial order).  When the issues in the Complaint mirror the issues in the Pretrial Order, any judicial admissions regarding those issues remain.

It is true that "admissions in the pleadings are generally binding on the parties and the Court. Judicial admissions in the pleadings . . . have the effect of withdrawing a fact from issue and dispensing wholly the need for proof of the fact." Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 829 (6th Cir. 2000). They "'eliminate the need for evidence on the subject matter of the admission,' as admitted facts are no longer at issue." Ferguson v. Neighborhood Housing Servs. of Cleveland, Inc., 780 F.2d 549, 550-51 (6th Cir. 1986) (quoting Seven-Up Bottling Co. v. Seven-Up Co., 420 F. Supp. 1246, 1251 (E.D. Mo. 1976)); see also Hughes v. Vanderbilt Univ., 215 F.3d 543, 549 (6th Cir. 2000) (holding that the plaintiff's claim accrued on the date she alleged in her complaint rather than in a subsequent affidavit).  It would be contrary to the purpose of judicial admissions if the Court allowed Womack, on the eve of trial, to force Shearon to prove those facts that were considered binding throughout the course of discovery and dispositive motions. See C. Wright & A. Miller, 8B Federal Practice and Procedure § 2264 (3d ed. 2017) (the purpose of judicial admissions "would be defeated if the party were free to deny at trial what he or she has admitted before trial"). Had Womack not admitted these facts in the Answer, Shearon likely would have taken discovery on these issues and presented an expert regarding the toxicology report results. (See Doc. No. 132 (asking the Court to reopen discovery and continue the trial should it sustain Womack's objections)). This would prejudice Shearon here, who has relied on Womack's admitted facts throughout the course of this two-year plus litigation, only to have Womack rescind those admissions days before the trial. Accordingly, the Court will allow any judicial admission Womack made in his Answer to the Second Amended Complaint to be used at trial.

Womack also moves to prohibit Shearon from admitting nine of his admissions into evidence for evidentiary reasons. Womack does not cite support for his proposition that Shearon must clear evidentiary hurdles, such as hearsay, to introduce Shearon's admissions. Indeed, it appears the Sixth Circuit has not decided this issue. See Barnes, 201 F.3d at 829 ("The parties have not directly presented the issue as a hearsay problem."); see also Trimas Corp. v. Meyers, 572 F. App'x 347, 352 (6th Cir. 2014) ("Although the issue [in Barnes] was complicated by a hearsay component . . . .").

A "judicial admission is not itself evidence," but instead has the "effect of withdrawing a fact from contention." Martinez v. Bally's La., Inc., 244 F.3d 474, 476 (5th Cir. 2001). Indeed, judicial admissions "'eliminate the need for evidence on the subject matter of the admission,' as admitted facts are no longer at issue." Ferguson, 780 F.2d at 550-51 (quoting Seven-Up Bottling Co., 420 F. Supp. at 1251). As judicial admissions are not evidence, there is no reason why they should be subject to the Rules of Evidence, such as hearsay. This also makes sense—the main purpose of hearsay is to prevent unreliable testimony to be used at trial. K. Graham & M. Graham, 30 Federal Practice & Procedure: Federal Rules of Evidence § 6324 (1st ed. 2017) (discussing the five dangers of hearsay, all arising from the fact that the testimony "will usually not have been subject to some or all of the checks upon the validity of the testimonial assumptions"). When both sides agree that, for example, Shearon informed Womack that Shearon was rear-ended, that testimony becomes very reliable and a jury should be able to use that testimony in its determination. Therefore, the objections to Admissions 2 ("Mr. Shearon stated to Womack, 'the guy hit me in the rear.'"), 5 ("Mr. Shearon advised that he had a valid, lawful handgun permit issued by the State of Tennessee"), and 24 ("In late October 2014, General Hospital informed Mr.

Shearon that it had failed to preserve the second blood sample that they had taken from him on the day of his arrest.") on hearsay grounds are overruled.

Womack's objection to Admission 13 ("Mr. Shearon asked Ms. Ray to take a second blood sample at his expense because he wanted to make sure he would be able to prove his innocence") is sustained. Federal Rule of Civil Procedure 8 requires all provisions in a Complaint to either be admitted, denied, or responded that the defendant lacks information to form a specific belief. Joseph v. Ford Motor Co., No. 06-10274, 2009 WL 10680506, at *2 (E.D. Mich. Sept. 30, 2009) (Hood, J.). "Any allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). This allegation was admitted, which is a judicial admission. However, the Court has broad discretion on relieving a party from the burdens of judicial admissions, especially if it involves an opinion. MacDonald v. Gen. Motors Corp., 110 F.3d 337, 341 (6th Cir. 1997) (holding that courts are reluctant to find that opinions and legal conclusions are judicial admissions). A fair reading of Womack's Motion is that he should not have admitted to the allegation that Shearon wanted a second blood test to prove his innocence, but instead he should have stated that he lacked knowledge to admit or deny what Shearon believed. FED. R. CIV. P. 8(b)(5). Shearon's belief is just that—his opinion, and therefore the Court has discretion to relieve him from the burden of admitting it. Given the limited probative value of this statement, as well as the fact that this information likely can still be used as an evidentiary admission on cross-examination, the Court sustains the objection to use Admission 13 as a judicial admission.

Womack based his objections to Admissions 21 ("Mr. Shearon presented to Skyline Hospital on October 15, 2014, requested a nine-panel drug screen, and complained of some soreness") and 22 ("The Skyline drug test did not show the presence of any of the drugs that they

tested for") on his sixth motion in limine, which has been denied, and these are therefore overruled as moot. Womack's objection to Admission 25 ("Mr. Shearon's court date for his criminal cases was continued multiple times to get results from his blood test") is sustained. Shearon may only use the exact language Womack used in the Answer Paragraphs 172 and 174. Womack's objection to Admissions 26 ("The TBI tests on Mr. Shearon's blood came back negative for both alcohol and drugs") is sustained, although Shearon must use the language Womack used in his Answer Paragraphs 173 and 175. The Objection to Admission 27 ("On June 2, 2015, the General Sessions Court dismissed Mr. Shearon's criminal charges") is overruled. To the extent judicial admissions must be of material facts, this fact is probative both to whether the case was resolved in favor of Shearon as well as to whether Shearon appeared intoxicated at the scene, and the probative value is not significantly outweighed by any unfair prejudice to Womack.

      IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE