# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID SHEARON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cv-01061 |
| | ) CHIEF JUDGE CRENSHAW |
| COLEMAN WOMACK, | ) ) |
| Defendant. | ) |

# ORDER

On December 19, 2017, Defendant informed the Court that he will object to Plaintiff using prior criminal convictions to impeach one of his witnesses, Eric Jennings. Jennings, who was the at-fault driver when he rear-ended Plaintiff, witnessed the field sobriety tests and Plaintiff's interaction with Defendant. Plaintiff seeks to use a January 8, 2008 conviction for being a convicted felon in possession of a firearm, for which Jennings was released from custody on February 1, 2013. See United States v. Jennings, No. 3:07-cr-16, ECF Nos. 37 and 74 (M.D. Tenn.) (judgment and petition to revoke of supervised release, indicating Jennings began supervision on February 1, 2013). Jennings also had three separate felony drug convictions in 1999 and 2000. Jennings also received misdemeanors in 2005 for criminal impersonation, a drug conviction in 1992, and a shoplifting conviction in the late-1990s. For the reasons given on the record, as well as the reasons below, the Court **EXCLUDES** all criminal convictions from being presented to the jury.

Impeachment by a criminal conviction is governed by Federal Rule of Evidence 609. The Court must admit the evidence in a crime for an offense that was "punishable by death or by imprisonment for more than one year," subject to Rule 403. FED. R. EVID. 609(a)(1)(A). The Court

must also admit evidence of any crime if the elements of the crime including the witness's dishonest act or false statement. Fed. R. Evid. 609(a)(2). However, if ten years has past since the witness's conviction or release from confinement for the crime, the evidence is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

The probative value of convictions not tending to show dishonesty or distrust has been documented since 1884:

> When it is proved that a witness has been convicted of a crime, the only ground for disbelieving him which such proof affords is the general readiness to do evil which the conviction may be supposed to show. It is from that general disposition along that the jury is asked to infer a readiness to lie in the particular case, and thence that he has lied in fact. The evidence has no tendency to prove that he was mistaken, but only that he has perjured himself, and it reaches that conclusion solely through the general proposition that he is of bad character and unworthy of credit.

Green v. Bock Laundry Mach. Co., 490 U.S. 508 n.4 (1989) (quoting Gertz v. Fitchburg R.R. Co., 137 Mass. 77, 78 (1884)).

The only crime that Plaintiff informed the Court is within ten years is the 2008 firearms conviction. Evidence of this conviction must be admitted, subject to Rule 403. "Convictions for murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity." Somerville v. Saunders, No. 9-11-cv-556, 2014 WL 272415, at *8 (N.D.N.Y. Jan. 24, 2014) (citing United States v. Estrada, 430 F.3d 606, 617-18 (2d Cir. 2005)); see Clem v. Lomeli, No. 2:05-cv-2129, 2007 WL 2688842, at *2 (E.D. Cal. Sept. 13, 2007) (finding that convictions of second degree murder, false imprisonment, terroristic threats, and possession of a firearm by a felon were not probative to an excessive force claim arising from conduct of officers inside the jail). Especially because Jennings is only being called as an eye-witness to the interaction between Plaintiff and Defendant, the Court finds that the very limited

probative value, if any, is substantially outweighed by the unfair prejudice of labeling the witness as a "felon." As such, this conviction is excluded.

Plaintiff did not contest Defendant's assertion that the drug convictions are more than ten years old, and therefore fall under Rule 609(b). Under Rule 609(b), Plaintiff did not prove that the limited probative value of any such drug conviction substantially outweighed the unfair prejudice of admitting the convictions. This case is not about Jennings' drugs—it is about whether Plaintiff's interaction with Defendant would lead a reasonable officer to believe Plaintiff was on drugs. Jennings' 10-year-old conviction is excluded

The misdemeanor convictions that involve Jennings' dishonest acts or false statements are also excluded. The Court weighs five factors in determining the admissibility of the stale convictions: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." United States v. Huff, 149 F.3d 1185, at *2 (6th Cir. 1998) (table) (citing United States v. Sims, 588 F.2d 1145, 1149 (6th Cir. 1978)). Convictions over ten years old, or "stale convictions," should be admitted "very rarely and only in exceptional circumstances." Id. (citing Sims, 588 F.2d at 1147). This is not that rare case. The two stale convictions at issue—criminal impersonation and shoplifting—from twelve years and about twenty years earlier have no value on the jury's ability to judge Jennings' credibility. Jennings is just an eye witness, and the probative value of attempting to impeach him with stale convictions does not substantially outweigh the unfair prejudice.

Accordingly, all criminal convictions are excluded.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE